

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2003

# Paputchi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Paputchi v. Atty Gen USA" (2003). *2003 Decisions.* Paper 209.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/209

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

02-3617
_____

RUKIE PAPUTCHI,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY
GENERAL OF THE UNITED STATES,

Respondent

_____

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS
_____

BIA No. A70 903 825

Submitted Under Third Circuit Rule 34.1(a)
September 15, 2003

Before:  ALITO, AMBRO, and CHERTOFF, <u>Circuit</u> <u>Judges</u>

(Filed: October 10, 2003)

_____

OPINION

_____

PER CURIAM:

This is a petition for review of a decision of the Board of Immigration Appeals holding that the petitioner had not established that she was eligible for asylum or withholding of deportation. The petitioner, a native and citizen of Bulgaria, claims that she was persecuted and fears persecution in Bulgaria because she is a Muslim of Turkish descent. Rejecting the petitioner's arguments, the BIA concluded that the petitioner had not established past persecution because her "unfortunate and discriminatory experiences over a decade ago" did not amount to "persecution" in the sense relevant here. In addition, in light of the evidence before the BIA of current country conditions in Bulgaria, the Board held that the petitioner had not met her burden of establishing a well-founded fear of persecution.

We have considered all of the arguments advanced by the petitioner in her petition for review, but we find no basis for granting the petition. We agree with the Board that the past treatment alleged by the petitioner, although deplorable, does not rise to the high level required to constitute "persecution." See Fatin v. INS, 12 F.3d 1233,(3d Cir. 1993). On the issue of whether the petitioner established a well-founded fear of future persecution if returned to Bulgaria, the Board implicitly found that conditions in that country are now such that the petitioner has no reasonable ground for fearing that she will be subjected to persecution based on her religion or ethnic background if she is returned. Our review of this factual finding regarding current conditions in Bulgaria is limited. See

2

8 U.S.C. § 1252(b)(4)(B)(2002); <u>Abdille v. Ashcroft</u>, 242 F.3d 477, 483 (3d Cir. 2001). Since the Board's finding is supported by substantial evidence in the record, we must sustain it.

We have considered all of the petitioner's arguments, but find no basis for granting her petition. Therefore, the petition is denied, and the decision of the Board is affirmed.